UNITED STATES of America, Appellee,

v.

**Russell James YATES, Appellant.**

No. 83–2195.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1984.
Decided May 11, 1984.

Robert Herman, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Debra E. Herzog, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

ROSS, Circuit Judge.

Yates appeals from his convictions for (1) possession of heroin with the intent to distribute, 21 U.S.C. § 841(a)(1), and (2) possession of a firearm by a convicted felon, 18 U.S.C. § Appendix 1202(a)(1). Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1291. Yates' primary contention on appeal is that the trial court abused its discretion by failing to order severance of the charges because the evidence of the prior drug felony, introduced as an element of the weapons charge, substantially prejudiced defendant's right to a fair trial on the current drug charge. We affirm the district court.

**Facts**

A search warrant was issued and executed by detectives on a St. Louis residence. The officers proceeded to a bedroom which was shared and occupied by defendant Yates and Doris Heard. The detectives seized a cellophane bag containing 38 capsules, a vial with 9 capsules, a vial and folded white envelope and sundry drug paraphernalia. Under the mattress, detectives found a .38 caliber Smith and Wesson revolver which resulted in the possession charge.[1] Yates stated that he resided at this residence and that the bedroom he was found in was shared by him and Doris Heard.

**Severance**

During the trial the government introduced a prior conviction for possession of heroin with the intent to distribute as an element of the weapons charge.[2] FED.R.CRIM.P. 8(a) states:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Yates argues, however, that the district court should have severed these offenses under FED.R.CRIM.P. 14. This rule provides:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Yates argues that this failure to sever the drug charge from the weapon charge is highly prejudicial and therefore grounds for reversal and cites *United States v. Cook,* 538 F.2d 1000 (3d Cir.1976) in support of his contention.

 We find these contentions based on the circumstances of this case to be without merit. In order for a party to prevail on a claim that the count should have been severed, he must show clear prejudice and an abuse of discretion. *United States v. Hastings,* 577 F.2d 38 (8th Cir.1978); *United States v. Losing,* 560 F.2d 906 (8th Cir.), *cert. denied,* 434 U.S. 969, 98 S.Ct. 516, 54 L.Ed.2d 457 (1977); *United States v. Jackson,* 549 F.2d 517,

---

**1.** Other guns were also found in the bedroom.

**2.** The government in a section 1202(a)(1) case must prove that the defendant is a prior convicted felon.

523 (8th Cir.), *cert. denied,* 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977); *United States v. Graham,* 548 F.2d 1302, 1310–11 (8th Cir.1977). The district court retains considerable discretion in matters of severance. *United States v. Bohr,* 581 F.2d 1294 (8th Cir.), *cert. denied,* 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978); *United States v. Smith,* 578 F.2d 1227 (8th Cir. 1978).

In the present case, however, Yates failed to properly object to the joinder of the offenses. When Yates moved to sever the offenses, the motion was based on an allegation that the indictment did not specify that the two counts charged arose from the same transaction not that joinder would result in clear prejudice. Furthermore, Yates did not object to the admission of this felony at trial. And on cross-examination, Yates testified that he was a heroin user and had been in jail a lot as a result of his usage.

In *United States v. Shearer,* 606 F.2d 819, 821 (8th Cir.1979), we held that even if a refusal to sever resulted in prejudice, the defendant's "failure to renew his motion for severance at the end of the government's case or at the conclusion of all the evidence, constitutes a waiver of his demand for separate trials." Thus, the district court's refusal to sever in *Shearer* was held not to be an abuse of discretion. *See United States v. Bowman,* 602 F.2d 160 (8th Cir.1979). This holding is even more applicable to Yates, since he failed to properly object in the first instance.

■ While we urge caution in allowing joinder of claims which require proof of an element of one charge which is identical to a count which is joined, we find that under the factual circumstances of this case, and Yates' failure to properly object to joinder, the court's refusal to sever, if error, is not plain error and is harmless.

There was no clear prejudice to Yates. The government's evidence against Yates was more than sufficient to support a conviction on the drug charges. Additionally, there is no evidence that the government decided to pick and choose the prior felony to be used as was done in the *Cook* case cited by Yates. But instead, the government chose the most recent felony from a list which had a multitude of drug and weapons related offenses. And finally, the court instructed the jury that it was to review the evidence on the prior drug conviction only as it related to the firearm charge.

We have reviewed Yates' remaining contentions on appeal and find them to be without merit.

The convictions are affirmed.