UNITED STATES of America, Appellee,

v.

Emeric A. MARTIN, Appellant.

No. 84–1377.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1984.

Decided Dec. 27, 1984.

Thomas E. Dittmeier, U.S. Atty., Robert T. Haar, Debra E. Herzog, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Thomas F. Flynn, St. Louis, Mo., for appellant.

Before BRIGHT, John R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Emeric A. Martin appeals from his jury conviction for violating the Hobbs Act, 18 U.S.C. § 1951, and federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343. Martin contends not only that there was insufficient evidence to convict him of violating the Hobbs Act, but that the district court improperly admitted hearsay statements that were essential to proving the government's Hobbs Act case against him and improperly denied his motion to sever the Hobbs Act count from the remainder of the indictment. Martin also contends that certain of the jury instructions respecting the mail and wire fraud charges served to direct a verdict of guilty against him and thus his conviction on those counts should be reversed and we should remand the case for a new trial. We affirm.

The Cervantes Convention Center (Center) is a municipally owned convention facility operated by the City of St. Louis, Missouri. The director of the Center holds a cabinet level position and is appointed by the mayor of the City of St. Louis. Martin served as the director from April 1978 until he resigned in January of 1981.

In June of 1983, Martin was indicted by a grand jury for federal mail and wire fraud (four counts), violating the Hobbs Act (one count), and subscribing to a false tax return (one count). Henry Paul Bryant and Melissa Dalton were charged in the same indictment with five counts of mail and wire fraud. A pretrial motion to sever Martin's trial from that of Bryant's and Dalton's was granted by the district court. On March 16, 1984, Martin was convicted of participating in a scheme to defraud the citizens of St. Louis of his faithful service as the director of the Center by accepting money from Bryant and Dalton in return for favors to them in their positions as exposition producers at the Center. Martin was also convicted of extorting money from Bryant and Dalton under color of official right in violation of the Hobbs Act and subscribing to a false tax return in violation of 26 U.S.C. § 7206(1).

I. Hobbs Act Count

The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce * * * by robbery or extortion * * * shall be fined not more than $10,000 or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a). "Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Extortion "under color of official right" involves "the taking of money by a public official not due him or his office for the performance or nonperformance of an official function." *United States v. Rabbitt*, 583 F.2d 1014, 1027 (8th Cir.1978), *cert. denied*, 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979). "So long as the motivation for the payment focuses on the recipient's office, the conduct falls within the ambit of [Hobbs Act extortion]." *United States v. French*, 628 F.2d 1069, 1074 (8th Cir.), *cert. denied*, 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980) (quoting *United States v. Braasch*, 505 F.2d 139, 151 (7th Cir.1974), *cert. denied*, 421 U.S. 910, 95 S.Ct. 1562, 43 L.Ed.2d 775 (1975)).

"Such conduct is no less extortion because the 'victim' may in some sense receive an economic benefit when the public official neglects his duty." *Id.*

It is Martin's contention that his Hobbs Act conviction cannot stand because the government failed to present any evidence to prove that the payments to him by Bryant and Dalton were motivated by wrongful use of his position as director of the Center. Martin maintains that he accepted over $30,000 in payments from Bryant and Dalton in an effort to frame himself so as to further an investigation into what he believed was political corruption at the Center. According to Martin, the payments were made by Bryant and Dalton to aid a faltering entertainment industry and he contributed the money received to poor musicians.

 In reviewing the sufficiency of the evidence underlying Martin's conviction, we are obligated to view the evidence in the light most favorable to the jury verdict, accepting as established all reasonable inferences tending to support the verdict rendered. *United States v. Michaels,* 726 F.2d 1307, 1311 (8th Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 92, 83 L.Ed.2d 38 (1984). Our review of the record reveals a substantial amount of evidence from which a reasonable jury could have found beyond a reasonable doubt that the payments to Martin were motivated by the wrongful use of Martin's position as director of the Center. We find it unnecessary to detail all of the record evidence supporting Martin's conviction. Suffice it to say that near the time of or following the commencement of payments by Bryant and Dalton to Martin, the evidence shows that: (1) Martin took over sole control of the "Showboard" account (Bryant is president and Dalton is executive vice president of Showboard, Inc.); (2) Martin began issuing contracts to Showboard in violation of the Center's policies; (3) Martin failed to pursue the collection of thousands of dollars owed the Center by Showboard; (4) Martin knowingly issued contracts purportedly for noncommercial events to a bogus not-for-profit or-

ganization established by Bryant and Dalton, thus enabling Bryant and Dalton to circumvent bidding procedures as well as other rules pertaining to commercial promoters; and (5) Martin falsely stated to City Counsellor Connelly that he had not received money from Bryant or Dalton.

 Martin also contends that the district court committed error in allowing two government witnesses to testify as to declarations made by Bryant and Dalton. One witness testified that Dalton stated she had Emeric Martin "in her hip pocket." Another witness testified that Bryant stated he was paying Martin. The district court, over objection, admitted these statements under the "state of mind" exception to the hearsay rule. *See* Fed.R.Evid. 803(3). We express no view as to the admissibility of these statements under Federal Rule of Evidence 803(3). In view of overwhelming independent evidence establishing Martin's guilt, we find that any error in the admission of the statements was harmless. *See United States v. Moss,* 544 F.2d 954, 960 (8th Cir.1976), *cert. denied,* 429 U.S. 1077, 97 S.Ct. 822, 50 L.Ed.2d 797 (1977).

Martin further argues that while these statements may have been admissible as co-conspirator statements for purposes of proving the mail and wire fraud counts, they were not admissible as to the Hobbs Act count. Thus, according to Martin, he was entitled to a separate trial on the Hobbs Act count.

 Martin's contention that the district court committed reversible error by failing to sever the Hobbs Act count from the remainder of the indictment is without merit. First, the record before us suggests that Martin made a pretrial motion to sever his trial from that of Bryant's and Dalton's. It does not reveal, however, a pretrial motion to sever counts. Second, in order to prevail on his claim that the Hobbs Act count should have been severed, Martin "must show clear prejudice and an abuse of discretion." *United States v. Yates,* 734 F.2d 368, 369 (8th Cir.1984). In view of our holding that any error in the admission of the statements was harmless,

we can hardly conclude that refusal on the part of the district court to sever the counts results in clear prejudice and was an abuse of discretion. Third, assuming Martin did make a pretrial motion to sever counts and assuming prejudice was shown, his failure to renew his motion for severance at the end of the government's case or at the conclusion of all the evidence constitutes a waiver of his demand for separate trials. *Id.* at 370.

II. Mail and Wire Fraud Counts

■ On appeal, Martin contends that certain of the jury instructions served to direct a verdict against him on the mail and wire fraud charges. At trial, defense counsel objected to certain of the instructions merely by stating, "I think this indictment far exceeds the permissible scope of the mail fraud statute itself, or the wire fraud statute itself, and [consequently] this would constitute an improper statement of the law." Counsel failed to comply with Rule 30 of the Federal Rules of Criminal Procedure which requires a party to "stat[e] distinctly the matter to which he objects and the grounds of his objection." We find no plain error in the instructions given.

Affirmed.