UNITED STATES of America, Plaintiff,

v.

Patrick H. McGUIRE, Defendant.

No. 93–00073–02–CR–W–6.

United States District Court,
W.D. Missouri, W.D.

July 29, 1993.

Paul S. Becker, Asst. U.S. Atty., Kansas City, MO, for plaintiff.

Christopher C. Harlan, Asst. Federal Public Defender, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

SACHS, Senior District Judge.

Defendant McGuire will be tried on August 9 in a murder-for-hire case, in which it is alleged that he killed a Federal witness. He has filed a motion to sever count 5, charging him as a felon in possession of firearms. The Government responds that (1) the motion is untimely, (2) evidence of a prior second degree murder conviction would be admissible in any event, under Evidence Rule 404(b), and (3) Eighth Circuit practice approves joint trials under the circumstances, with disclosure to the jury of the nature of the offense which precludes defendant from possessing a firearm.

The Government makes a plausible argument that the motion should have been filed much earlier. The problem which created the need for a motion to sever did not arise until July 14, 1993, however, when Government counsel responded adversely to a proposal to stipulate that defendant was a felon, but without developing the nature of the pertinent felony conviction. Moreover, a wide variety of techniques, some usable during trial, have been suggested to deal with the issue. *United States v. Dockery*, 955 F.2d 50 (D.C.Cir.1992). The need for severance often cannot be determined until trial.

The court is satisfied that the Government would not be able to introduce evidence of a 1975 second degree murder conviction under approved Eighth Circuit practice with respect to 404(b) evidence. The leading pertinent opinion, written by Chief Judge Arnold and joined by Judge Wollman, is *United States v. Mothershed*, 859 F.2d 585 (8th Cir. 1988). This case is conceptually governed by the last full paragraph on page 589, which concedes that the propensity for recidivism is a common sense factor in judging likelihood of a second similar offense, but that theory alone does not justify evidentiary use of past

records. Evidence of certain crimes would have a "devastatingly prejudicial impact ... in the mind of a jury." 859 F.2d at 590. This would surely be such a case. More narrowly, the conviction here, as in *Mothershed,* is not sufficiently "close in time to the crime charged." *United States v. Jones,* 990 F.2d 1047, 1050 (8th Cir.1993) (citing *Mothershed* ).

Even if not independently admissible and even if "devastatingly prejudicial," the Government nevertheless contends that the Eighth Circuit allows presentation of such evidence by the back door. In routine litigation, where the element of prejudice is not blatant, or can be contained, this is probably so. *United States v. Saffeels,* 982 F.2d 1199, 1208 (8th Cir.1992). I do not read *Saffeels* as creating a sharp conflict between the circuits, as the Government apparently believes exists. The Government brief disregards defendant's citation of *United States v. Daniels,* 770 F.2d 1111, 1118 (D.C.Cir.1985). *See also Dockery, supra.* In my view, case-by-case balancing is appropriate for the district judges in this circuit; procedural gimmickry is not an absolute bar to considering the issues of fairness (as well as legitimate need for testimony and for efficient processing of the criminal case docket).

Trial court discretion is emphasized in a comparable case, where the Eighth Circuit urged "caution in allowing joinder of claims which require proof of an element of one charge which is identical to a count which is joined." *United States v. Yates,* 734 F.2d 368, 370 (8th Cir.1984) (drug charge conviction used to establish firearm charge; drug charge count joined). While *Yates* would authorize severance as a matter of discretion, I am not convinced that a severance is needed, in light of the various alternatives discussed in *Dockery. Compare, United States v. DeSantis,* 802 F.Supp. 794, 803 (E.D.N.Y.1992) (granting severance); *United States v. Washington,* 819 F.Supp. 358, 366 (D.Vt.1993) (denying severance without prejudice; noting availability of "devices" to assure fairness).

The motion to sever count 5 is therefore DENIED without prejudice.