**UNITED STATES of America, Appellee,**

v.

**Robert S. BOWIE, Jr., Appellant.**

**No. 97–3093.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 10, 1998.

Decided May 12, 1998.

Ronald N. Carroll argued the cause for appellant, with whom David A. Handzo was on the briefs.

L. Jackson Thomas, II, Assistant U.S. Attorney, argued the cause for appellee, with whom Wilma A. Lewis, U.S. Attorney, John R. Fisher and G. Michael Lennon, Assistant U.S. Attorneys, were on the brief.

Before: RANDOLPH, ROGERS and TATEL, Circuit Judges.

ROGERS, Circuit Judge:

Robert S. Bowie, Jr., appeals his conviction on two narcotics and four weapons counts, two of which depended on his status as a convicted felon. Drawing on *United States v. Daniels*, 770 F.2d 1111 (D.C.Cir. 1985), and our later decision in *United States v. Dockery*, 955 F.2d 50 (D.C.Cir.1992), he contends, in effect, that a severance was required so that the jury deciding the drug possession counts would not be aware of his prior felony conviction. Specifically, he contends that the district court abused its discretion by failing to require the government, pursuant to his motion, to choose either severance of the two felon-in-possession counts or a bench trial for those counts, and that he was denied a fair trial and due process of law when the jury was informed of his status even though he did not testify at trial. Because the district court demonstrated sufficiently scrupulous regard for Bowie's right to a fair trial, we affirm.[1]

## I.

Counts one and six of the six-count indictment charged Bowie with possession of cocaine base (or crack cocaine) with intent to distribute in violation of 21 U.S.C. § 841 (1994) and possession of marijuana in violation of 21 U.S.C. § 844(a) (1994). Counts two and three charged him with violation of 18 U.S.C. § 922(g)(1) (1994), which prohibits possession of weapons and ammunition transported in interstate commerce by anyone who has been convicted of a crime punishable by a year or more of imprisonment. Counts four and five charged him with possession of weapons and ammunition without proper registration, in violation of District of Columbia law. *See* D.C.CODE ANN. §§ 6–2311(a), –2361(3) (repl. vol.1995).

Because of the government's burden under the federal weapons and ammunition counts to show that Bowie had a prior felony conviction, *see* 18 U.S.C. § 922(g)(1) (1994), he asked the district court at a pretrial suppression hearing to adopt a special trial procedure in order to avoid undue prejudice to him on the other counts. The prosecutor had agreed to introduce the evidence of the prior conviction by stipulation, but Bowie's counsel found this insufficient:

> Our position ... would be that to protect Mr. Bowie's rights, we need one bit of further protection, and that is that we would ask that [the prior conviction] portion of the case be tried to the Court

---

1. Bowie's other contention is that the quantity of narcotics was an element of his drug possession charge under 21 U.S.C. § 841(b)(1)(B)(iii) (1994) and thus that the district court's failure to ask the jury to decide the amount of crack he possessed violated his constitutional rights under the Fifth and Sixth Amendments to due process and trial by jury. This argument is foreclosed by circuit precedent. *See, e.g., United States v. Thompson*, 994 F.2d 864, 865 (D.C.Cir.1993); *United States v. Lam Kwong–Wah*, 966 F.2d 682, 685 (D.C.Cir. 1992); *United States v. Garrett*, 959 F.2d 1005, 1006 n. 1 (D.C.Cir.1992); *United States v. Patrick*, 959 F.2d 991, 996 n. 5 (D.C.Cir.1992); *see also Almendarez–Torres v. United States*, —— U.S. ——, ————, 118 S.Ct. 1219, 1223–28, 140 L.Ed.2d 350 (1998). This panel cannot overturn settled circuit law. *See LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C.Cir.1996).

rather than to a jury. I think that the way we could formulate this is that all of the other elements of the offense would go to the jury, but that one element would be to the Court, and since it would be a stipulation, obviously, if the jury finds all of the other elements, the Court would enter a conviction on that, that count.

The district court declined to sever the felon-in-possession counts from the other counts or to bifurcate factfinding between the jury and the bench. Instead, to minimize any prejudice resulting from the mention of the prior conviction to the jury, the district court ordered that the prosecutor could only enter evidence of the prior conviction by stipulation and without reference to the nature of the underlying crime; that references at trial to the prior conviction would be strictly limited to only those "necessary in explaining the charge to the jury"; and that in final instructions and whenever the prior conviction was mentioned to the jury, the court would instruct the jury not to allow the stipulation to affect its consideration of anything other than that specific element of the felon-in-possession counts. Bowie's first trial proceeded in accordance with this plan but resulted in a mistrial when the jury was unable to reach a verdict on any count.

Prior to the second trial, Bowie again moved to sever the drug possession counts from the counts for possession of weapons and ammunition. He repeated that the stipulation of his prior felony conviction caused him undue prejudice as to the drug possession counts and noted the grant of a severance in a similar case, *United States v. Henry*, 940 F.Supp. 342 (D.D.C.1996). He maintained that cautionary instructions to

the jury could not cure this prejudice and had not done so in the first trial, as posttrial discussions with jurors indicated that the knowledge of his prior felony conviction had affected some jurors' ability to consider each charge on its own merits. The district court had already denied his request that this element of the felon-in-possession counts be tried separately to the bench; thus, Bowie proposed that the district court sever the drug possession counts from the others entirely, pursuant to Federal Rule of Criminal Procedure 14. The prosecutor argued in response that informing the jury of the fact of prior conviction would not be unduly prejudicial and that he had no intention of letting the jury know the nature of the underlying conviction, and thus would not run afoul of this court's opinion in *Dockery* or the Supreme Court's recent decision in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

The district court denied severance, expressing skepticism about the probative value of the purported statements by the jurors after the first trial, and the second trial proceeded much as the first: both sides agreed to the same stipulated facts, the prosecution again could not mention the nature of Bowie's prior conviction or describe it except as necessary to explain the felon-in-possession counts to the jury, and the district court gave two cautionary instructions to the jury. The stipulation read to the jury was that Bowie had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, and after the jury heard this stipulation and two others,[2] the district court gave a cautionary instruction,[3]

---

**2.** The parties also stipulated that all of the weapons and ammunition had traveled in interstate commerce and that the Drug Enforcement Administration's laboratory report on the narcotics samples submitted for examination accurately reflected the examiner's analysis of those samples.

**3.** After the stipulations were read to the jury, the district court instructed the jury:

Ladies and gentlemen, let me advise you to one important matter. One of those stipulations that you heard, number one, [was] related to Mr. Bowie having a previous conviction of a felony. That is admitted for a very limited purpose only, and please keep this in mind at all times. That was admitted solely for your

consideration when you evaluate Count 2 and Count 3 of the Indictment, both of which require the Government to prove that the Defendant has a prior felony conviction.

The fact that Mr. Bowie is convicted of a crime is not evidence, but that the Defendant is guilty of the offenses [with] which he is charged [i]n this case and you must not draw any inference of guilt from Mr. Bowie's previous conviction or use as evidence, except as I have stated in this instruction. You may consider only this prior conviction [in] determining whether the Government has met its burden of proof with respect to the particular elements of the offenses in Counts 2 and 3 of the Indictment, so that that came in for a very

the substance of which was repeated in the final instructions to the jury:

> You have heard, ladies and gentlemen, that the parties have agreed that the Defendant was convicted of a felony prior to July 10, 1996. And I especially advised you when that came into evidence as to its limited purpose. Now, this is admitted in evidence solely for your consideration of evaluating Counts 2 and 3 of the Indictment, both of which require the Government to prove the Defendant has a prior felony conviction. The fact that the Defendant was convicted of a crime in the past is not evidence that the Defendant is guilty of the offenses with which he is charged in this case. You must not draw any inference of guilt against the Defendant from his prior conviction or use it for any other purpose except as set forth in this instruction. You may consider this prior conviction—you may only consider his prior conviction in determining whether the Government has met its burden with respect to Counts 2 and 3 of the Indictment.

The jury found Bowie guilty on all six counts, and the district court sentenced him to 120 months of imprisonment and eight years of supervised release.

## II.

Bowie contends that the district court abused its discretion by not requiring the government, pursuant to his motion, to choose between severing the felon-in-possession counts from the remaining counts or trying these counts to the court without a jury in order to limit the potential prejudice resulting from the introduction of his prior felony conviction. Although the district court both limited the manner in which the prosecution could mention and use that prior conviction and specifically instructed the jury twice not to allow that prior conviction to affect its deliberation inappropriately, Bowie maintains that such steps were inadequate.

Bowie proposed three different ways to minimize the prejudice from the jury's learning of his prior felony conviction. These alternatives were similar to those discussed in *Dockery*. See *Dockery*, 955 F.2d at 54–55. Before the first trial, Bowie requested that the district court adopt a bifurcated factfinding procedure, with the jury deciding all the elements of the charged crimes except for the element of a prior felony conviction in counts two and three. The court would try this element alone (but only as a formal matter, given that the parties stipulated that this element was satisfied), and the jury would never have occasion to learn of Bowie's prior conviction. Before the second trial, Bowie filed a motion to sever the felon-in-possession counts from the drug possession counts, such that there would be two entirely separate trials. In the alternative, he requested that the district court adopt a different bifurcated factfinding procedure, this time divided chronologically: the jury would decide all the elements of the crime other than the prior felony conviction element, and only then would receive evidence of and be asked to decide this element (again, only as a formal matter). The district court denied the three requests; thus, the jury was told of Bowie's prior conviction before it began deliberations on all six counts.

This circuit has long noted that the introduction of evidence of a prior conviction has the potential for grave mischief because of its tendency to "divert[ ] the attention of the jury from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character." *United States v. Jones*, 67 F.3d 320, 322 (D.C.Cir. 1995) (quoting *United States v. James*, 555 F.2d 992, 1000 (D.C.Cir.1977)) (internal quotation marks omitted); *see Drew v. United States*, 331 F.2d 85, 89–90 (D.C.Cir.1964); *cf.* FED.R.EVID. 404(b). The introduction of such evidence goes against the principle that a criminal trial should turn on the facts of the specific charge, not on who the defendant is or what the defendant may have done in the past. *See Dockery*, 955 F.2d at 53; *Daniels*, 770 F.2d at 1116 (citing *United States v. Myers*, 550 F.2d 1036, 1044 (5th Cir.1977)).

limited purpose and you [may] use it for no other purpose whatsoever in this case except

as I have instructed you.

Trial courts can and should attempt to limit potential prejudice through cautionary instructions, but the court has recognized that such instructions can only do so much.[4]

The problem is particularly acute when felon-in-possession counts are joined with other counts: the evidence of past convictions necessary to substantiate a felon-in-possession charge is likely to impinge impermissibly upon a jury's reasoning as to the other charges. This court has observed that a prosecutor may even include a felon-in-possession count in order to manufacture the need to introduce such evidence. *See Dockery*, 955 F.2d at 50; *Daniels*, 770 F.2d at 1118. Under the Federal Rules of Criminal Procedure, the district court could not force the prosecution to accede to a bench trial on any of the charges, *see* FED.R.CRIM.P. 23(a), but the court could force the prosecution to choose between a bench trial on the felon-in-possession counts and severance; "the Government has no right to a *joined* jury trial." *Dockery*, 955 F.2d at 55. At the same time, the district court could not simply withhold the disputed element of the felon-in-possession counts from the jury, for "[t]he jury must always be informed of the full nature, including each element, of the charged crime." *United States v. Fennell*, 53 F.3d 1296, 1302 (D.C.Cir.1995) (citing *United States v. Gilliam*, 994 F.2d 97, 101 (2d Cir. 1993)); *see also Old Chief*, 519 U.S. at ——, 117 S.Ct. at 654.

Introduction of evidence of Bowie's prior conviction was not improper under the Federal Rules of Evidence because the prior conviction was an element of two of the charged offenses, *see* FED.R.EVID. 401–404, but this is only the beginning of the analysis. Rules of evidence aside, the district court has an independent duty to ensure that trial pro-

cedures are fair and, in particular, to sever trials when justice so requires. *See Dockery*, 955 F.2d at 53–54; *Bradley v. United States*, 433 F.2d 1113, 1117 (D.C.Cir.1969); FED. R.CRIM.P. 14. At the same time, though, the court reviews district court decisions whether to sever trials pursuant to Federal Rule of Criminal Procedure 14 only for abuse of discretion, and the district court does not necessarily abuse its discretion when it declines to sever a case even when the failure to do so may result in some prejudice to the defendant. *See Zafiro v. United States*, 506 U.S. 534, 538–39, 113 S.Ct. 933, 937–38, 122 L.Ed.2d 317 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). Thus, when felon-in-possession counts are joined with other counts, the court reviews·a district court's decision regarding severance only to determine whether the court has "demonstrated a sufficiently scrupulous regard for the defendant's right to a fair trial to warrant affirmance." *Daniels*, 770 F.2d at 1118; *see Dockery*, 955 F.2d at 50. To succeed on an abuse of discretion claim, then, the defendant must first show that he or she suffered undue prejudice (that is, that the district court's adopted procedures did not demonstrate a *sufficiently* scrupulous regard for his rights). *See Dockery*, 955 F.2d at 53–55; *Daniels*, 770 F.2d at 1118; *cf. Fennell*, 53 F.3d at 1302.

In *Daniels*, the court declined to adopt a *per se* rule regarding what steps a district court must take to minimize the prejudice of other crimes evidence. *See Daniels*, 770 F.2d at 1118. Specifically, the court declined the defendant's invitation to impose a rule under which "an ex-felon charge—such as the firearm possession count in the instant case—may not be tried together with another

---

4. Specifically, the court has observed:
   To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities. In such cases, it becomes particularly unrealistic to expect effective execution of the "mental· gymnastic" required by limiting instructions, and "the naive assumption that prejudicial effects can be overcome by instruc-

   tions to jury" becomes more clearly than ever "unmitigated fiction."
   *Daniels*, 770 F.2d at 1118 (quoting *Nash v. United States*, 54 F.2d 1006, 1007 (2d Cir.1932), and *Krulewitch v. United States*, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790 (1949) (Jackson, J., concurring)). *But see Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987)).

charge if the prior felony conviction would be inadmissible in a separate trial of the other charge." *Id.* at 1115. The imposition of a blanket rule would be counterproductive given the virtually endless variety of circumstances in which the issue might arise and the experience a trial court would have with such situations; the *Daniels* court did, however, reduce the flexibility left to the district court to choose from a variety of protective measures, including those suggested by Bowie and others, by requiring the district court to show scrupulous regard for the defendant's right to a fair trial. *See Dockery,* 955 F.2d at 56; *Daniels,* 770 F.2d at 1116–18. Whether the particular array of precautionary measures chosen by the district court is sufficiently protective remains a case-by-case determination, analyzed by examining the actual prejudice remaining after the protective measures taken by the trial court. *See United States v. Moore,* 104 F.3d 377, 382 (D.C.Cir.1997); *Dockery,* 955 F.2d at 53–54; *Daniels,* 770 F.2d at 1118–19.

■ To minimize prejudice to Bowie, the district court took a number of steps. The court only allowed the prosecution to introduce evidence of the prior conviction through stipulation and did not allow the prosecution to mention the nature of this prior conviction. The court forbade the prosecution from mentioning the prior conviction except as necessary to explain the felon-in-possession counts to the jury. Bowie does not contend that the prosecution violated these guidelines. In addition, the court twice admonished the jury not to use the fact of prior conviction for anything other than consideration of that element of the felon-in-possession counts. In *Dockery,* the court had little problem finding that the district court had failed its "continuing obligation to assure a fair trial" when the prosecutor repeatedly and gratuitously mentioned the fact of the defendant's prior conviction while examining witnesses and the district court failed to instruct the jury not to let that fact affect its determination of guilt on the other charges. *Dockery,* 955 F.2d at 56; *cf. Moore,* 104 F.3d at 382. The district

court's protective measures in the instant case, by contrast, mirror those approved by this court in *Daniels*:

> Daniels had previously been convicted of bank robbery, but the jury was not told the nature of his offense. Instead, the jury was read a stipulation stating simply that Daniels had been convicted of an unspecified felony.... The district judge instructed the jury twice concerning the limited evidentiary use to which the stipulation should be put—first at the time the stipulation was read to the jury, and again in the final jury instructions.

*Daniels,* 770 F.2d at 1114. The court in *Daniels* ruled that the district court's protective measures prevented the defendant from suffering "undue prejudice"; in view of this precedent, the district court certainly seems to have demonstrated "a sufficiently scrupulous regard for the defendant's right to a fair trial." *Id.* at 1118. For the court to conclude that the district court abused its discretion, Bowie would have to show that his situation differed from that in *Daniels,* such that he suffered undue prejudice despite the district court's adoption of the same protective measures.

In taking a contrary position, Bowie contends that the prejudice he suffered was particularly severe because of the nature of his case. Emphasizing both weaknesses in the prosecution's case-in-chief[5] and the fact that the first trial ended with the jury unable to reach a verdict as to any count, Bowie maintains that the district court should have been aware that the second trial was apt to be very close. In his view, the district court should have known that the potential prejudice resulting from the introduction of evidence of a prior conviction was likely to be the deciding factor, and hence should have taken extra precautions to prevent the jury from relying improperly upon this evidence. The district court's experience with the evidence at Bowie's first trial and the subsequent mistrial do not necessarily imply that the district court should have considered the case a close one, however; the first jury,

---

**5.** Bowie details numerous inconsistencies among the accounts of the three police officers who testified at trial. The government does not dispute that there were inconsistencies but downplays their significance.

which was informed of Bowie's felon status, may have been unable to reach a verdict for any number of reasons, and the court could hardly predict what the second jury might do. Moreover, Bowie's indicia of closeness do not necessarily show that the district court should have thought it more likely that the jury's knowledge of the prior conviction would have an untoward effect at the second trial. The fact that the district court already had experience with the first trial cuts both ways: having heard the evidence at the first trial, the district court was in a good position to evaluate whether the evidence of the prior conviction exerted any improper influence on the jury's deliberations and whether the protective measures adopted in the first trial were sufficiently effective where the second trial would otherwise simply be a replay.

Absent some showing that his situation was different in material respects from that in *Daniels*, Bowie fails to demonstrate that he suffered undue prejudice and thus that the district court abused its discretion. While Bowie suggests that jurors at the first trial indicated that knowledge of his felon status affected their decision about his guilt on the other counts, the district court expressed understandable skepticism about the probative value to be assigned to such comments in the absence of knowledge of the questions that the jurors were asked, much less their precise responses. The record contains no details of these conversations, and Bowie has not pressed this point on appeal. Hence, we are not confronted with a case in which jurors, contrary to the cautionary instructions from the court, indicated that they were unable to make a reliable judgment about Bowie's guilt or innocence on the other counts; were there such evidence, then a severance would likely have been required. *See Zafiro*, 506 U.S. at 539, 113 S.Ct. at 938 (noting that a district court should grant severance when there is a serious risk that the jury cannot make a reliable judgment about guilt or innocence); *United States v. Brown*, 16 F.3d 423, 433 (D.C.Cir. 1994).

▮ Trial courts and prosecutors must act with great caution when felon-in-possession counts are joined with other counts in a single criminal trial. *See Daniels*, 770 F.2d at 1118–19. The district court would have been well within its discretion if it had, for instance, forced the prosecution to choose between having a bench trial on the felon-in-possession counts and severing the counts entirely. *See Henry*, 940 F.Supp. 342, 346–48. Indeed, in *Daniels*, this court appeared to favor granting such severances. *See Daniels*, 770 F.2d at 1117–18. The government did not contend, in the district court or on appeal, that it would have been prejudiced under any of the alternative trial procedures that Bowie proposed. Nevertheless, the district court does not necessarily abuse its discretion when it refuses to adopt the procedural measures that will *most* effectively reduce prejudice to defendants. *See United States v. Applewhite*, 72 F.3d 140, 144 (D.C.Cir.1995). The defendant must first show that undue prejudice remains after the district court's protective measures have taken effect. *See Dockery*, 955 F.2d at 56; *Daniels*, 770 F.2d at 1117–18; *cf. Moore*, 104 F.3d at 383; *Fennell*, 53 F.3d at 1302; *Brown*, 16 F.3d at 432–34. Bowie makes no such showing.

Accordingly, because Bowie has failed to show that the district court did not demonstrate "a sufficiently scrupulous regard for the defendant's right to a fair trial," *Daniels*, 770 F.2d at 1118, we affirm the judgment of conviction.