MEMORANDUM AND ORDER
 

 ROBERTS, District Judge.
 

 Tony Mason was convicted by a jury of unlawful possession of a firearm and ammunition by a convicted felon under 18 U.S.C. § 922(g)(1) (1994). He now moves for a downward departure from his sentencing guidelines range. Because I find that there exists a combination of mitigating circumstances of a kind and to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence outside of the applicable range,
 
 see
 
 18 U.S.C. § 3553(b) (1994), U.S.S.G. § 5K2.0, I will depart downward from that range.
 

 Mason had been employed for four years by Snow Valley, a company that supplied bottled water to business clients. He drove a delivery truck and serviced certain clients. He testified at trial that while delivering water on his route one day, he discovered discarded on the ground near a school a paper bag containing a loaded pistol. Mason said that he retrieved the pistol to assure that it would not endanger anyone, and that he intended to turn it in to a police officer he knew at his next delivery destination at the Library of Congress. However, when he drove into the guarded loading dock there and walked to a table to retrieve a parking pass, a police officer spotted the pistol in Mason’s waistband and arrested him.
 

 Mason moves for a downward departure on two grounds. First, he argues under U.S.S.G. § 5K2.11 that he committed this offense in order to avoid a greater harm, that is, he retrieved this stray pistol to keep it from harming anyone else. Second, he argues that his extraordinary employment record is a factor present to a sufficient degree to take this case outside of the heartland of guideline cases. The government opposes the motion, disputing the defendant’s claims that his possession
 
 *2
 
 of the pistol was “well-meaning” and that his employment record was extraordinary.
 

 Several factors compel a downward departure. First, unlike the typical felon in possession case, the government’s investigation produced no evidence at trial that the defendant intended to use the pistol unlawfully, or that his possession of the pistol was in connection with any other unlawful behavior such as drug possession, armed robbery or assault. A comparison of this case to a dozen recent felon in possession cases reported in the D.C. Circuit is illustrative.
 
 See, e.g., United States v. Richardson,
 
 167 F.3d 621 (D.C.Cir.1999) and its companion case of
 
 United States v. Cunningham,
 
 145 F.3d 1385 (D.C.Cir. 1998) (armed robbery, assaults);
 
 United States v. Gilliam,
 
 167 F.3d 628 (D.C.Cir. 1999) (reversing for failure to introduce the prior felony a 922(g) conviction linked to armed bank robbery, armed carjacking, theft);
 
 United States v. Dickerson,
 
 163 F.3d 639 (D.C.Cir.1999) (drug possession);
 
 United States v. Dozier,
 
 162 F.3d 120 (D.C.Cir.1998) (drug possession);
 
 United States v. Pugh,
 
 158 F.3d 1308 (D.C.Cir. 1998) (drug possession);
 
 United States v. Spinner,
 
 152 F.3d 950 (D.C.Cir.1998) (drug possession);
 
 United States v. Bowie,
 
 142 F.3d 1301 (D.C.Cir.1998) (drug possession);
 
 United States v. Garces,
 
 133 F.3d 70 (D.C.Cir.1998) (murder);
 
 United States v. Kennedy,
 
 133 F.3d 53 (D.C.Cir.1998) (assault, robbery);
 
 United States v. Atkins,
 
 116 F.3d 1566 (D.C.Cir.1997) (assault, escape);
 
 United States v. Moore,
 
 104 F.3d 377 (D.C.Cir.1997) (drug possession).
 

 Second, the government did not prove or try to prove
 
 any
 
 motive or reason for the defendant’s possession of the pistol, unlike the heartland felon in possession case. The jury’s verdict of guilty was not determinative of what if anything they believed regarding why the defendant possessed the pistol. Despite what appeared to me to be an effective cross-examination of the defendant regarding his claimed intent to turn in the pistol promptly after retrieving it, the jury was charged, consistent with the government’s suggestion, that the defendant’s well-meaning possession or innocent motive for possession of the pistol was not a defense.
 

 Third, the government could not disprove the defendant’s version of how he came into possession of the weapon, namely, by mere fortuity and just shortly before being arrested for possessing it. By showing the numerous other legal and available options that the defendant chose to forego to get the pistol into safe hands, the government’s cross-examination of the defendant weakened the defendant’s claim that as soon as he found the gun, he decided to turn it in. However, the cross established no facts inconsistent with the defendant’s version of how he actually obtained the gun. On the record before me, this defendant may well have possessed this weapon very briefly and, at least initially, not willfully, even though he unlawfully delayed disposing of it. In my judgment, these facts — or more accurately, this absence of more damning facts — takes this case outside the heartland of felon in possession cases.
 
 See Koon v. United States,
 
 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (factors not mentioned in the guidelines may be the basis for departure where they are “sufficient to take the case out of the [applicable] Guideline’s heartland”);
 
 In re Sealed Case,
 
 181 F.3d 128, 137 (D.C.Cir.1999) (citing Koon).
 

 Finally, this defendant made an exceptional adjustment to' parole following his 1995 release from prison on his extortion conviction. This is more than a mere recognition of a defendant’s employment record, which courts are ordinarily discouraged from considering as a departure factor.
 
 See
 
 U.S.S.G. § 5H1.5. Here, the defendant’s parole officer reported that for four years, the defendant enjoyed a positive and successful adjustment. He did so not just by an absence of parole violations, but affirmatively by securing and -holding down regular employment with the same employer, earning a promotion, maintaining an exemplary attend-
 
 *3
 
 ancc record, providing support for his minor child and his fiancé, staying drug-free, and keeping the support of his employer throughout this case. He had come so far (from the depths of an extortion conviction) for so long (four uninterrupted years) by exhibiting precisely the kind of behavior the parole system struggles to achieve often without success, be it in extortion, felon in possession, or other cases. This is especially significant in light of the fact that the defendant’s explanation that he retrieved the pistol here to keep it from endangering others could not be disproven. This factor of exceptional adjustment to parole is present to a sufficiently unusual degree that it alone should be a basis for a downward departure. Even if it would not suffice standing alone, when it is taken in combination with the other factors mentioned earlier, it places this case outside of the heartland of guideline cases.
 

 The parties agree with the probation officer’s calculation that the adjusted offense level is 24 and the criminal history category is V, yielding a sentencing guidelines range of 92 to 115 months. The combination of mitigating factors listed above taken as a whole warrants a two-level reduction in the adjusted offense level to level 22. With a criminal history category of V, the adjusted guidelines range will be 77 to 96 months with a fine range of $7,500 to $75,000. It is therefore
 

 ORDERED that the defendant’s motion be and hereby is GRANTED.