909 F.2d 554
 285 U.S.App.D.C. 315
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Curtis Lee ALLEN, Appellant.
 No. 90-3031.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 6, 1990.
 
 Before SILBERMAN, D.H. GINSBURG and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed. This court has been notably reluctant to reverse convictions solely on grounds of a misstatement in closing argument. See United States v. Monaghan, 741 F.2d 1434, 1443 (D.C.Cir.1984), cert. denied, 470 U.S. 1085 (1985) (affirming conviction where improper remarks confined to closing rather than evidence of prejudice throughout trial). Reversal is mandated only where claims of prosecutorial misconduct are supported by the record and where the conduct creates "substantial prejudice." See United States v. Perholtz, 842 F.2d 343, 361 (D.C.Cir.), cert. denied, 109 S.Ct. 65 (1988). Where a defendant fails to object to a prosecutor's statements at trial, appellant may only win reversal by demonstrating "plain error," i.e., that the erroneous remarks undermined the "fundamental fairness of the trial and contributed to a miscarriage of justice." United States v. Young, 470 U.S. 1, 16 (1985). See United States v. Doe, 903 F.2d 16 (D.C.Cir.1990) (reversing conviction based upon racially motivated and inflammatory summation).
 
 
 3
 In the instant case, the closing statements challenged by appellant did not create substantial prejudice and hence reversal is not compelled. The statements were minimally, if at all, prejudicial or were cured by subsequent jury instructions. See United States v. Perholtz, 842 F.2d at 361 (where a trial judge issues curative instructions, this court has been reluctant to find substantial prejudice and that fairness has been undermined); United States v. Daniels, 770 F.2d 1111, 1120 (D.C.Cir.1985) (Starr, J., concurring) ("jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice."). Moreover, the Government's case was strong and appellant's conviction well supported by the evidence adduced at trial. See United States v. Monaghan, 741 F.2d at 1443.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.