**UNITED STATES of America**

v.

**Donald W. MATHEWS, Defendant.**

**No. 99–183–LFO.**

United States District Court,
District of Columbia.

July 9, 1999.

Thomas Charles Black, U.S. Attorney's Office, Washington, DC, for U.S.

L. Barrett Boss, Maria Denoia Jankowski, Federal Public Defender for D.C., Washington, DC, for Donald W. Mathews.

### MEMORANDUM

OBERDORFER, District Judge.

Defendant Donald Mathews has been charged with one count of possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1), and one count of threatening to physically injure, 22 D.C.Code § 2307. He pled not guilty at the June 9 arraignment, and trial is scheduled for July 14. On June 15, the defendant filed a motion to review the detention order, issued by Magistrate Judge Kay, which was denied on June 23. On June 17, the defendant filed a motion for a bill of particulars and supporting memorandum of law and a motion to prevent the government from offering evidence of or related to the defendant's prior felony conviction. At the motions hearing, the parties represented that they had settled their disagreement as to the bill of particulars and supporting memorandum of law, so this motion is moot. On July 1, the government opposed the defendant's motion to preclude evidence of the defendant's prior felony conviction. On June 24, the government filed a notice of intent and *in limine* motion regarding rule 404(b) evidence. On July 2, the defendant moved to exclude 404(b) evidence.

### Background

The government describes the incident leading up to the present charges in the following way: at about 12:15 p.m. on May 3, 1999, metropolitan police officers re-

sponded to the defendant's home at 3519 22nd Street, S.E., after receiving a 911 call describing a man with a gun at that address. When the police arrived, the occupants of 3519 told them that the defendant, while he had a gun visible in his waistband, threatened them and was currently inside 3523 22nd Street. Shortly thereafter, the officers found the defendant inside 3523 and recovered a loaded .22 caliber handgun from a bedroom there. A subsequent search of 3519 turned up a box of 9 mm. ammunition in a hall closet.

The defendant adds these facts: when the officers arrived at the scene, they were instructed that the "man with the gun" was the defendant and that he was in a downstairs apartment. When the police arrived at the apartment, another man answered the door and reached for something in his waist. The officers fired when they saw a black object, which they believed to be a gun, in his hand. Next, the police ordered everyone out of the house and then they recovered a gun in the back bedroom. Subsequent interviews with witnesses lead to the arrest of the defendant as the possessor of the gun found in the bedroom.

## I.

The government has moved to admit the defendant's December 21, 1999 guilty plea to the felony of carrying a pistol without a license under Federal Rule of Evidence 404(b) in order to rebut the defendant's defense to the § 922(g) charge, that he did not possess the gun.

To determine if the evidence should be admitted, Federal Rules of Evidence 401, 402, 403 and 404(b) must be weighed. First, the evidence must be relevant under 401 and 402. If it is relevant, the government must use it for proper purpose, i.e., it must be probative of some material issue other than character under 404(b). If the evidence is relevant and used for a proper purpose, it must still undergo the rule 403 balancing test to determine if its probative value is substantially outweighed by its prejudicial effect.

The government claims that the evidence is relevant, and that it will be used to prove intent, knowledge, and plan in possessing the firearm, and to show lack of accident or mistake. The defendant contends that none of these are at issue because the only defense will be that Mathews did not possess the gun; therefore, the defendant claims that the prior crime evidence is irrelevant.

In general all relevant evidence is admissible. FedR.Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." FedR. Evid. 401. Even cumulative evidence offered solely for corroboration is generally admissible if relevant. The government has the better argument on 401 and 402 grounds. Our Circuit Court of Appeals has pointed out that the exclusion of 404(b) evidence is not based on a belief that the evidence is irrelevant; on the contrary, the exclusion is based on a fear that juries give this evidence too much weight. *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C.Cir.1985). That Mathews possessed a gun on a prior occasion is corroborative of the government's contention that he possessed the gun at issue intentionally, knowingly and not by mistake or accident.

The defendant's attempt to redefine the § 922(g) charge as containing only an element of possession must fail. The crime of felony possession of a firearm has three elements with respect to this defendant. The government must show that: 1. the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; 2. the defendant knowingly possessed a firearm or ammunition; and 3. that the firearm had been shipped in interstate commerce, 18 U.S.C. § 922(g)(1); and CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA 4.79.

The defendant may not redefine the crime through stipulations that remove elements from the case. *United States v. Crowder*, 141 F.3d 1202, 1207–1209 (D.C.Cir.1998) (en banc); and *see generally Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). The defendant's prior criminal record is relevant to this case, and it cannot, over the government's objection, be rendered irrelevant through stipulation.

Since the evidence is relevant, the next step is a 404(b) analysis. Rule 404(b) provides:

### Rule 404. Character Evidence Not Admissible to Prove Conduct; Exceptions, Other Crimes

(b) other crimes, wrongs, or acts.— Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ...

Based on Circuit language in *Crowder*, the government argues that evidence is only inadmissible under 404(b) if it is used to show that a person acted in accordance with his or her character and therefore, other crimes evidence is admissible as long as it is relevant in any way other than to imply that bad conduct arises from bad character.

In response, the defendant points to *United States v. Simpson*, 992 F.2d 1224 (D.C.Cir.1993), in which the Court of Appeals stated that connecting a prior bad act to a permissible purpose would have been difficult given that the only issue before the jury was whether Simpson actually possessed a certain drug on the day of his arrest. In light of this limitation, the Court concluded that Simpson's prior bad acts could only serve to demonstrate Simpson's criminal propensities. As previously noted, however, more than possession is at issue in this case. The govern-

ment bears the burden of proving that a defendant charged with possessing a gun in violation of § 922(g) did so "knowingly". CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA 4.79.

Although the government successfully listed a proper use for the prior crime evidence, this is not the entire matter. The evidence must be admissible under Federal Rule of Evidence 403, which weighs the probative value of the evidence against its prejudicial effect. The government asserts that the rules tip toward admissibility of other crimes evidence in close cases, and is inadmissible under 403 if its probative value is substantially outweighed by its prejudicial effect. At oral argument, the defense conceded that the government was correct on the law, but argued it was incorrect on the application of the law to the facts. Circuit precedent also supports the government's position. The Circuit Court has stated that "as a rule of thumb ... in determining whether the probative value is substantially outweighed by the danger of unfair prejudice ... the balance should be struck in favor of admission when the evidence indicates a close relationship to the event charged." *United States v. Clarke*, 24 F.3d 257, 265 (D.C.Cir.1994) citing *United States v. Day* 591 F.2d 861, 878 (D.C.Cir.1978).

The rule 403 balance is influenced not by relevance, but by the evidentiary value of the 404(b) evidence. *Crowder* at 1210. In this case, the balance is not close. In its brief, the government listed four reasons that the other crimes evidence is probative: "(1) that defendant possessed the firearm and ammunition on May 3, 1999, willfully and intentionally, not by accident or inadvertence; (2) that defendant knew that the firearm was loaded with ammunition: (3) that he knew his possession of the firearm and ammunition on May 3, 1999, was, in fact, illegal and attempted to conceal the gun; and (4) that he knew how to obtain firearms, particularly .22 caliber handguns within a rela-

tively short time period." Government's notice of intent and *in limine* motion regarding rule 404(b) evidence at 4–5.

The relative probative value of the evidence to prove the government's assertions must be weighed in light of all of the proffered evidence. *United States v. Foskey,* 636 F.2d 517, 523 (D.C.Cir.1980). To prove willful and intentional possession, the government apparently can introduce eyewitnesses who claim they saw the defendant with the gun in his waistband. That the gun was in the defendant's waistband is highly probative in and of itself of the defendant's intent to put it there and knowledge of its presence. To prove that the gun was loaded, the government can apparently introduce testimony of officers who recovered a loaded .22 caliber handgun from the bedroom in the apartment in which they found the defendant. In addition, to show that the defendant had knowledge of ammunition, the government can apparently introduce testimony of officers who found a loaded magazine in the gun recovered from 3523 22nd Street S.E. and 9mm. ammunition in a hall closet in the defendant's house. The defendant's prior record is merely corroborative of the weighty direct evidence that the government has at its disposal to prove possession, knowledge and intent.

■ These corroborative uses and the government's last two arguments, that the defendant's prior conviction shows that he knew how to obtain firearms, particularly .22 caliber handguns, within a relatively short period of time, and that he knew his possession on this occasion was illegal, must be weighed against the prejudicial potential of proof of the details of the prior conviction, even if tempered by a limiting instruction that the jury not judge the defendant based on his past crime. *Crowder* at 1210. The name and nature of the defendant's past crime, carrying a firearm without a license, is very similar to the present charge, possession of a firearm by a convicted felon; therefore, introduction of the other crime is highly prejudicial.

As the Court of Appeals has stated, other crime evidence has the potential to inflict "grave mischief" into the jury's deliberations by diverting their attention to the defendant's character, rather than his present charge. *Bowie* at 1305, *Daniels* at 1118. Since the prior charge and the present charge are so similar and the prior charge is so highly prejudicial, no limiting instruction is likely to adequately mitigate the prejudice.

In light of the corroborative nature of government's proposed use of the prior crime evidence and its potential to severely prejudice the defendant, the motion to present evidence as to the name and nature of the defendant's prior crime must be denied.

## II.

The defense has moved to bifurcate the elements of the § 922(g) charge and remove the prior conviction element from the jury's consideration. The defendant states that if the jury finds that he possessed the gun, he will not object to the government's offer of evidence of the prior conviction. He moves, however, for the court to resolve the element of the prior conviction.

The government has offered to stipulate to the fact that the defendant previously committed a felony without telling the jury the name or nature of the felony, and to mention the prior conviction only when it is necessary to explain the elements of the § 922(g) count to the jury. The government encourages a limiting jury instruction, but vehemently opposes the bifurcated charge approach.

The defense rests its motion primarily on *Old Chief,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 and *United States v. Dockery,* 955 F.2d 50 (D.C.Cir.1992). It argues that based on *Old Chief,* informing the jury of the "name or nature, or even the existence of the prior felony" before the jury finds possession creates a risk of unfair prejudice. Defendant's memorandum in support of the motion to exclude at 2. The defendant then argues that the

charge should be bifurcated, based on Circuit language in *Dockery* that suggests that such an approach can cure unfair prejudice to the defendant. *Id.* at 55, n. 4.

■ The government concedes that the *Dockery* Court suggested the bifurcated charge approach, but argues that this Circuit and other Circuits have since cast doubt on charge bifurcation. The government has the better understanding of the law of this Circuit. In *United States v. Bowie,* the Circuit Court said that a jury "must always be informed of the full nature, including each element, of the charged crime," *Id,* 142 F.3d 1301, 1306 (D.C.Cir.1998), expanding *United States v. Fennell,* 53 F.3d 1296, 1302 (D.C.Cir.1995). The Circuit fears that a jury will question whether the defendant's conduct was a crime if it is not informed as to all of the elements of the crime charged, including any relatively recent prior felony. *United States v. Mangum,* 100 F.3d 164, 171 n. 11 (D.C.Cir.1996).

■ Although bifurcating the charge is not an option to cure the prejudice the defendant will face if the jury learns he is a felon when it is deliberating over the § 922(g) charge, bifurcating the counts is an option to cure the prejudice the defendant will face if the jury learns he has a felony record when they deliberate over the threatening to physically injure charge. Federal Rule of Criminal Procedure 14 gives the court discretionary power to sever trials in the interest of justice "if it appears that a defendant or the government is prejudiced by a joinder of offenses." In the alternative, the court may grant whatever relief justice requires. *Id.* This Circuit has stated that when a defendant is charged with a § 922(g) count and another count, the district court has an independent duty to ensure that trial procedures are fair. *Bowie* at 1306. There is no bright line rule instructing when severance is required, but the trial court should have a "sufficiently scrupulous regard for the defendant's right to a fair trial" which protects the defendant from any undue

prejudice resulting from joinder. *Dockery* at 54. The Circuit has recognized that there is neither a *per se* rule outlining measures that sufficiently protect justice in this sort of case, *Bowie* at 1306, nor a *per se* rule requiring severance. *Fennell* at 1301; *Daniels,* 770 F.2d at 1118.

Although the Circuit Court has stated that severance is the most effective, and the preferred, option to reduce prejudice against a defendant facing joinder of a § 922(g) charge with another charge. *Bowie* at 1308, it has judicial economy concerns. *Daniels* at 1116. The fact that the defendant did not request severance and the constraints of judicial economy both weigh against severance in this case. The incident giving rise to the two counts is exactly the same, and is best understood if introduced as a continuous account. Therefore, the evidence for the two counts, except for the defendant's status as a felon, which is only relevant to the § 922(g) charge, is exactly the same. Severing the charges would require the parties to call the same witnesses and present identical cases twice, except in one instance, a stipulation as to the defendant's prior conviction of a felony would be read to the jury. In these circumstances, an alternative to severance is more appropriate.

The Circuit Court urges district courts to "proceed with caution" to avoid undue prejudice when a § 922(g) charge is not severed from another charge. *Dockery* at 53. The Court of Appeals has suggested several curative measures, like a stipulation as to the prior felony conviction, a bench trial on the § 922(g)(1) charge, or a cautionary jury instruction. *Dockery* at 54, 55, but these are only suggestions. *Bowie* at 1306–07. The bench trial option is inappropriate here since the prosecution cannot be forced to accede to one on any of the charges, and it has not consented. *Bowie* at 1306. This Circuit discounts the efficacy of curative instructions as a protection against the prejudicial effect of prior felony evidence. *Bowie* at 1305 and *Daniels* at 1118. The Circuit has, in some

circumstances, however, upheld instructions as sufficiently protective of undue prejudice. In *Bowie,* a § 922(g) and drug possession case, the Court of Appeals refused to find an abuse of discretion when the court: 1. limited the prosecution to introducing evidence of the prior conviction through stipulation; 2. did not allow the prosecution to mention the nature of the prior conviction; and 3. forbade the prosecution from mentioning the prior conviction except as necessary to explain the § 922(g) counts to the jury. *Bowie* at 1307. In *Daniels,* the Circuit found that instructions were enough to preserve justice during a joint trial for bank robbery and felon-in-possession of a firearm. *Id.* at 1118. The Court of Appeals decided that the district court had been sufficiently scrupulous by: 1. twice instructing the jury of the limited use of the stipulation that the defendant had been convicted of an unspecified felony—once when the stipulation was read to the jury and again in the final jury instruction; and 2. retyping the indictment before reading and submitting it to the jury so that it did not indicate the name of the defendant's prior felony. *Id.* at 1114 and 1118.

Another option was suggested to the parties by the Court at the motions hearing: essentially withholding the prior felony stipulation until after the jury has heard all of the evidence except the prior felony stipulation. At that point, counsel will argue, the court will instruct and the jury will deliberate and hopefully render a verdict solely with respect to the threatening to physically injure count. Then the trial will resume for the introduction of the felony stipulation. Then, counsel will argue, the court will instruct and the jury will deliberate and hopefully render a verdict on the § 922(g) count—with the stipulation of the prior felony before them.

Counsel voiced approval of the approach with two reservations: 1. the government mentioned that its opening argument might be "a little strange" and that the jury might wonder why possessing a handgun is a crime, but that these issues can be rectified in the closing argument; and 2. the defense was concerned that the jury, if it finds the defendant not guilty of threatening to physically injure, will retaliate against the defendant during the second deliberation because his criminal record was kept from them during their first deliberation. Although the defense wanted to voice this reservation to the court, it then consented to the procedure. A limiting instruction will be given to direct the jury not to allow the fact that the prior record was kept from them during their first deliberation influence their second deliberation.

Under this formulation, in the course of the trial, the jury will learn all of the evidence and the law necessary to deliberate on each charge fully.

An accompanying order implements the foregoing conclusions.

## ORDER

For the reasons stated in the accompanying Memorandum, it is this 9th day of July, 1999, hereby

ORDERED that since the circumstances giving rise to the motion for a bill of particulars and supporting memorandum have been resolved, this motion is moot; and it is further

ORDERED: that the government's motion to present 404(b) evidence is DENIED; and it is further

ORDERED: that the defendant's motion to prevent the government from introducing evidence of or related to defendant's prior felony conviction in its opening statement and case in-chief is GRANTED; and it is further

ORDERED: that the jury will hear all of the evidence about both the 922(g) charge and the threatening to physically injure charge, except for that pertaining to the prior felony conviction, and hear argument, and be instructed and then retire to

deliberate on the threatening to physically injure charge; and it is further

ORDERED: that after the jury returns a verdict on the threatening to physically injure charge, the trial will resume for the introduction of a stipulation about the defendant's prior felony conviction which stipulation will neither name nor describe the nature of the felony; and it is further

ORDERED: that after the stipulation about the defendant's prior felony is read to the jury, the jury will hear argument, be instructed and retire to deliberate on the 922(g) charge.